IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | * * * |
| Plaintiff | * * |
| vs. | *   CIVIL NO. 01-2616(JP) * |
| DOLMA IRIZARRY GONZALEZ, | * * * |
| Defendant | * * |

**JUDGMENT**

Upon Plaintiff's application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against the defendant for her failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant, plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. The mortgage constituted by Dolma Irizarry Gonzalez, by deed number 1628 before notary public Luis A. Archilla Diaz, at San Juan, Puerto Rico, on September 29th, 1998 and clarified by deed number 544 on April 12th, 1999, before the same notary public, securing a mortgage note, payable to the order of Doral Financial Corporation, of which plaintiff is the holder, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendant in the above cause, on the mortgaged premises, as described as follows:

CIVIL NO. 01-2616 (JP)            2

>   "URBANA: PROPIEDAD HORIZONTAL: Apartamento número 6104 ubicado en el Tercero y Cuarto Piso del Edificio 61-62 en su Sección 61 y en su lado derecho cual Edificio está localizado en el lado Oeste del inmueble sometido al Régimen de Propiedad Horizontal conocido por Condominio Plaza Antillana, ubicado en el Barrio Hato Rey del Municipio de San Juan, Puerto Rico, cuya entrada y salida da hacia la Avenida César González, la cual radica en el lado Oeste del inmueble, está construida de hormigón reforzado y bloques de hormigón con un área de piso en dos niveles de 1465.903 pies cuadrados.  Su forma es aproximadamente rectangular y consta de dos niveles, el primero ubicado en el tercer piso y el segundo en el cuarto piso, que a su vez da acceso a la azotea.  Su puerta de entrada está localizada en el tercer piso orientada hacia el Oeste del edificio y da acceso directamente al vestíbulo de dicho piso Que a su vez da acceso a elementos comunes generales de la propiedad a traves de los pasillos, escalera y acera para llegar a la via publica.  El primer nivel ubicado en el tercer piso está dividido en los siguientes elementos: una cocina, una sala-comedor, un medio baño, un closet para lavandería, un balcón y unas escaleras Que dan acceso al segundo nivel ubicado en el cuarto piso.  Contiene un calentador de agua y gabinetes de cocina.  El tercer piso tiene un área superficial de 651.417 pies cuadrados, equivalentes a 60.55 metros cuadrados.  En lindes por el NORTE, en 22'7" con el apartamento 6204; por el SUR, en 19'3" con el apartamento 6004; por el ESTE, en 32' con el exterior del edificio; y por el OESTE, en 32' con el pasillo del edificio Que es un área común limitada y con el apartamento 6103. El segundo nivel ubicado en el cuarto piso está dividido en los siguientes elementos: 3 cuartos dormitorios con sus closets, unidos por un pasillo central, dos baños, uno con acceso al pasillo central y el segundo ubicado dentro del área del cuarto dormitorio principal y una escalera con acceso a la azotea y al tercer piso.  A este apartamento le corresponde el uso de la azotea sujeto a las disposiciones de ley y sujeto a las limitaciones contenidas en la escritura de constitución de Régimen de Propiedad Horizontal.  El cuarto piso consta de un área de 744.736 pies cuadrados, equivalentes a 69.224 metros cuadrados; en lindes por el Norte, en 24'11" con el apartamento 6204; por el Sur, en 22'7" con el apartamento 6004; por el Este, en 32' con el exterior del edificio; y por el Oeste, en 32' con el apartamento 6103. El descanso de la escalera que da acceso a la azotea tiene un área de 69.750 pies cuadrados, equivalentes a 6.483 metros cuadrados."
>
>   Le corresponde a este apartamento en los elementos comunes generales 0.38509%.

CIVIL NO. 01-2616 (JP)                3

> Le corresponde en los gastos de operación y mantenimiento generales 0.35269%.
>
> Consta inscrita dicha propiedad al folio 191 del tomo 1352 de Río Piedras Norte; Sección II de San Juan, finca número 36,867."

2. Defendant Dolma irizarry Gonzalez, as debtor under said note and as present owner of the land and building hereinbefore referred to, are hereby ordered and adjudged to pay unto the Plaintiff the sum of $111,266.03 of principal of the said first mortgage note, plus interest at the rate of 6-1/2% per annum, plus $12,000.00 for costs, charges, disbursements and attorney's fees in the above cause, plus all expenses and advances made by the Plaintiff.

3. In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured hereby.

4. Mr. Carlos F. Valcarcel is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

5. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public

CIVIL NO. 01-2616 (JP)                4

sale in accordance with the mortgage deed referred to in this auction is $120,000.00.

    6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    (a). To the payment of all proper expenses attendant upon said sale, including the expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court.

    (b). To the payment of that part of the indebtedness owed to plaintiff up the amount of $111,266.03 of principal with interest thereon from June, 2004, to date of full payment at 6-1/2% per annum, plus the balance of the sum of $12,000.00 for costs, charges, disbursements, expenses and attorney's fees due in the above cause, after deduction of the expenses mentioned in the preceding subparagraph(a).

    (c). If after making all the above payment there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

    7. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 16th day of November, 2005.

                                      S/Jaime Pieras, Jr
                                      JAIME PIERAS, JR.
                                  U. S. SENIOR DISTRICT JUDGE